IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayde Edward Sabina, | C/A No. 0:08-3903-TLW-PJG |
| Plaintiff, | |
| vs. | |
| | **REPORT AND** |
| Federal Bureau of Prisons; | **RECOMMENDATION** |
| John LaManna, in his capacity as Warden;[1] | |
| Louis Fuertes-Rosario, in her capacity as Health Services Administrator; | |
| Rex Blocker, in his capacity as Clinical Director; | |
| Defendants. | |

The plaintiff, Wayde Edward Sabina ("Sabina"), a self-represented federal prisoner, filed this action alleging violation of his constitutional rights. Sabina's Complaint, liberally construed, alleges that the defendants, including the Federal Bureau of Prisons ("BOP"), John LaManna, Louis Fuertes-Rosario, and Rex Blocker, are being deliberately indifferent to his serious medical needs. Sabina seeks only injunctive relief. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Sabina of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 20.) Sabina filed a response in opposition to the defendants' motion. (Docket Entry 23.) The

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current Warden of FCI Edgefield, Mary M. Mitchell, is substituted for Defendant John J. LaManna.

defendants filed a reply (Docket Entry 26) and Sabina filed a sur-reply (Docket Entry 32).² Having carefully considered the parties' submissions and the record in this case, the court finds that the defendants' motion should be granted and that Sabina's requested relief of an order requiring the defendants to perform specific medical tests and treatment should be denied.

## BACKGROUND

Sabina suffers from a variety of ailments, including gastroesophageal reflux disorder ("GERD"), a testicular cyst, elbow pain, and sleep apnea. He has repeatedly sought medical treatment from the infirmary or "sick call" at FCI-Edgefield, where he is incarcerated. Dissatisfied with the defendants' response, Sabina filed this action against the "Federal Bureau of Prisons, John LaManna (In his capacity as Warden), Louisa Fuertes-Rosario (In her capacity as Health Svcs Administrator), [and] Rex Blocker (In his capacity as Clinical Director)." As stated above, although Sabina does not identify the nature of his cause of action against the defendants, his references to constitutional violations make it apparent that he is alleging that the defendants have been and continue to be deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. The Complaint does not appear to assert any other claims.

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

² The court observes that the Local Rules make no provision for sur-replies. Under Local Civil Rule 7.07 DSC, even "[r]eplies to responses are discouraged." The court therefore finds that Sabina's additional filing in response to the defendants' motion is not properly before the court. However, even considering Sabina's sur-reply, the defendants are entitled to summary judgment.

of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Sovereign Immunity**

As an initial matter, the defendants assert that the court lacks subject matter jurisdiction over Sabina's claims because of the doctrine of sovereign immunity. They contend that Sabina cannot pursue his claims against the Bureau of Prisons or the remaining defendants, whom he has expressly

*PJG*

sued in their official capacities, because, as representatives of the sovereign, they are immune from suit. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (holding that an official capacity suit "generally present[s] only another way of pleading an action against an entity of which an officer is an agent" and "is, in all respects other than name, to be treated as a suit against the entity") (internal quotations omitted). The defendants' argument, however, depends on the erroneous assumption that Sabina's claim is one pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). In that landmark case, the United States Supreme Court established a remedy for plaintiffs alleging constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. Id. Based on Bivens, courts have recognized that neither federal agencies nor federal officials in their official capacities can be sued for monetary damages in a Bivens action. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471 (1994) (holding that a Bivens action cannot lie against a federal agency); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government.").

Thus, pertinent here, Bivens and its progeny establish that (1) federal officials can be held liable for damages in their individual capacities and (2) federal officials cannot be held liable for damages in their official capacities. These teachings from Bivens do not aid the defendants in this case, however, because Sabina is seeking only injunctive relief. Accordingly, Bivens's rules regarding suits for monetary damages do not control the disposition of Sabina's claims.

The pertinent question here is whether sovereign immunity protects federal officials from a suit naming them in their official capacities when injunctive relief rather than damages is sought. The answer is no. Erwin Chemerinsky, Federal Jurisdiction § 9.2.2 (5th ed. 2007) ("An extremely

important and well-established exception to the principle of sovereign immunity is that suits [seeking injunctions] against government officers are not barred.").

The doctrine of sovereign immunity shields the United States, its agencies, and its officials from suit absent their consent to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Such a waiver may not be implied, but rather must be expressed by Congress. Block v. North Dakota, 461 U.S. 273, 287 (1983). As the defendants point out and as discussed above, it is well settled that the United States has not waived its sovereign immunity for suits seeking damages based on alleged constitutional violations. See Lane v. Pena, 518 U.S. 187, 192 (1996); Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477-78 (1994).

It has long been recognized, however, that federal courts have authority to grant equitable relief to restrain constitutional violations or *ultra vires* conduct. See Bivens, 403 U.S. at 400 (observing the existence of "the presumed availability of federal equitable relief, if a proper showing can be made in terms of the ordinary principles governing equitable remedies") (Harlan, J., concurring); Bell v. Hood, 327 U.S. 678, 684 (1946) ("[W]here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief."); see also Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949) (noting that sovereign immunity does not protect federal officials acting outside their authority). Moreover, courts have specifically recognized that Congress has expressly waived sovereign immunity of federal officials in certain actions seeking injunctive relief. See Simmat v. United States Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005); Raz v. Lee, 343 F.3d 936 (8th Cir. 2003). In Simmat, for example, a case similar to the one at bar, the court held that it had subject matter jurisdiction based upon 28 U.S.C. § 1331 over a prisoner's Eighth Amendment claim

asserting deliberate indifference to medical needs and seeking injunctive relief against prison officials in their official capacities. Additionally, 28 U.S.C. § 1361 expressly confers jurisdiction upon the district courts over mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Id.; see also Simmat, 413 F.3d at 1234. Similarly, 5 U.S.C. § 702 provides: "An action in a court of the United States seeking relief other than monetary damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . ." This provision, although contained within the federal Administrative Procedures Act, has been applied in civil rights actions. See, e.g., Presbyterian Church v. United States, 870 F.2d 518, 524-25 (9th Cir. 1989) (holding that § 702 waived sovereign immunity in an action seeking injunctive relief for alleged First and Fourth Amendment violations); Clark v. Library of Congress 750 F.2d 89, 102 (D.C. Cir. 1984) (holding that § 702 "eliminated the sovereign immunity defense in virtually all actions for non-monetary relief against a U.S. agency or officer acting in an official capacity"). As one commentator observes, the text of § 702 is clear:

> The United States has waived its sovereign immunity in suits requesting other than monetary relief. Thus, federal court suits for injunctive and declaratory relief are permitted, either against federal officers or directly against the United States government. This is a major exception to the doctrine of sovereign immunity because it allows the judiciary, assuming all other jurisdictional requirements are met, to halt illegal government conduct.

Chemerinsky, supra, § 9.2.2. Thus, because Sabina is seeking only injunctive relief against the defendants in their official capacities, and because his Eighth Amendment claim raises a federal question, the court finds that it has jurisdiction over Sabina's suit for injunctive relief. See Simmat, 413 F.3d 1225 (finding jurisdiction lies under § 1331 or § 1361).

C.    Eighth Amendment Injunctive Relief

Nonetheless, Sabina is not entitled to the relief he seeks. To establish a claim for violation of the Eighth Amendment with regard to medical care, a prisoner must show that a prison official was deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 102 (1976). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury).

Both Sabina and the defendants have presented voluminous medical records demonstrating that Sabina has received medical care for his physical complaints. The defendants' memorandum summarizes these records in sixteen pages of discussion detailing the medical care Sabina has received while at FCI-Edgefield. (Defs.' Mem. Supp. Mot. Summ. J., Docket Entry 19 at 6-22.) For example, with regard to his testicular cyst, he has been seen by medical personnel at least twenty-three times, been sent for outside consultation with a urologist, been provided antibiotics, and received at least two ultrasounds. For GERD, Sabina has been treated by medical personnel at least twenty-one times, has been referred to an ear, nose, and throat specialist, and has been provided medications. Sabina has undergone two esophagogastroduodenoscopies (EGDs). As to his alleged sleep apnea, it is apparent from the record that Sabina simply disagrees with prison medical staff's determination that his sleep problems are associated with his GERD rather than sleep apnea and that a continuous positive airway press ("CPAP") machine will not aid him. With regard to his elbow

*PJG*

pain, even if this were considered to be a serious medical condition, the defendants have provided Sabina with pain and anti-inflammatory medications to treat his symptoms.

The record clearly shows that the defendants have not been deliberately indifferent to any serious medical needs of Sabina. Sabina simply disagrees with the treatment provided and complains that it has not been afforded as promptly as he would like. These complaints are insufficient to state a constitutional violation. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990) (holding that to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness"); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim."); see also Estelle, 429 U.S. 97 (holding that mere negligence, malpractice, or incorrect diagnosis does not amount to a constitutional violation).

Moreover, even if Sabina could establish deliberate indifference by the defendants, he would not be entitled to the specific relief he seeks. Sabina seeks the following: (1) with regard to his testicular cyst: an ultrasound, a follow-up consultation with the urologist, and for BOP to comply with the urologist's recommendations; (2) with regard to the sleep apnea: a CPAP machine, or alternatively, a polysomnogram; (3) with regard to the elbow pain: a consultation with a neurologist and for BOP to comply with the neurologist's recommendations; and (4) with regard to the GERD/burning sensation in the throat: a consultation with an ENT specialist and for BOP to follow the ENT's recommendations. (See generally Compl., Docket Entry 1.) While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Furthermore, the United States Court of Appeals for the Fourth Circuit has strongly cautioned against federal courts'

usurping the discretion of prison officials.  See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).  This warning is even more appropriately heeded when the relief sought depends on expert medical opinions regarding appropriate treatment.  Based on this record, therefore, Sabina's request for an order directing the defendants to provide medical care in the form of specific tests and treatment must be denied.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 19) be granted and that Sabina's request for permanent injunctive relief be denied.  In light of the court's recommendation, all other pending motions should be terminated. (Docket Entry 22.)

_____
Paige J. Gossett

February 12, 2010
Columbia, South Carolina

UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).